**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Angela Nails,                                                    Case No. 3:23-cv-488

                    Plaintiff

          v.                                                     **ORDER**

Central Mutual Insurance,

                    Defendant

*Pro se* plaintiff Angela Nails, a Georgia resident, filed this *in forma pauperis* diversity action against Central Mutual Insurance Company ("Central Mutual"), alleging damages sustained in an automobile accident. (Doc. 1). For the following reasons, this action is dismissed.

**Background**

On March 10, 2023, Plaintiff filed a complaint consisting of sentence fragments and random legal citations. As best the Court can discern, Plaintiff seeks damages for injuries she allegedly sustained in an automobile accident on February 14, 2022. It appears that Plaintiff's complaint is directed against the defendant as the insurer of the vehicle that allegedly struck her. She states that she was "rear ended . . . by a driver driving insured vehicle" and Central Mutual "has not paid for the damage to the Plaintiff vehicle from the driver Mark Rush rear ending Plaintiff." (*Id.* at 5). Plaintiff claims her damages "are in the hundreds of millions of dollars." (*Id.* at 4).

**Standard of Review**

Plaintiff filed an application to proceed *in forma puperis* (Doc. 2), which this Court grants.

Accordingly, because Plaintiff is proceeding *in forma pauperis*, Plaintiff's complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2). Under this statute, the Court is expressly required to review all *in forma pauperis* actions and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To survive scrutiny under this statute, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See id.* at 471 (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under § 1915(e)(2)(B) and § 1915A). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). The plaintiff must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If a claim lacks plausibility, that cause of action fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 564.

When reviewing a complaint, the Court must construe the pleadings in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). The Court is not required,

2

however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

## Analysis

It appears that Plaintiff is attempting to sue Central Mutual as the alleged tortfeasor's liability insurer. However, in Ohio, "'an injured person may sue a tortfeasor's liability insurer ... only after obtaining judgment against the insured.'" *Clarke v. Geico Ins.*, 2021 U.S. Dist. LEXIS 172643, at *4 (N.D. Ohio Sep. 13, 2021) (quoting *Chitlik v. Allstate Ins. Co.*, 34 Ohio App.2d 193, 193, 299 N.E.2d 295 (8th Dist.1973)); *see also* Ohio Revised Code §§ 3929.05 and 3929.06. Here, there is no suggestion in Plaintiff's complaint that she has obtained a judgment against the driver of the vehicle that allegedly struck Plaintiff. Plaintiff therefore cannot maintain an action against Central Mutual as the alleged tortfeasor's insurer.

Accordingly, Plaintiff fails to state a claim upon which relief may be granted.

## Conclusion

For the reasons stated in the Order, it is hereby ORDERED THAT:

(1) This action be, and the same hereby is, dismissed; and

(2) I hereby certify, in accordance with 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge